RECEIVED
BY MAIL

MAY 1 9 2016

CLERK, US DISTRICT COURT
MINNEAPOLIS, MN

# UNITED STATES DISRICT COURT
# DISTRICT OF MINNESOTA

---

Jeremiah Marquis Johnson

   Plaintiff

V.


Virginia Mandac. MD
In Her Individual And Official capacity
being a Medical Doctor licensed to
practice Medicine in the state of
Minnesota.
DEFENDANT NO. 1


Nacole Lind
In Her Individual And official capacity
being the officer to handle claims
for the Department of corrections
DEFENDANT NO. 2

Case NO.0:16-cv-00268-DWF-HB


FIRST AMENDED COMPLAINT


DEMAND FOR JURY TRIAL
      Y E S

SCANNED
MAY 1 9 2016
U.S. DISTRICT COURT MPLS

Leigha Bailey. RN

In Her Individual And official capacity

A Registerd Nurse registerd to assist
Medical Doctors in health care in the
State of Minnesota.
DEFENDANT NO. 3

LT. Scott Yozamp
In His Individual And official capacity

A Lieutenant employeed by Minnesota
Department of Corrections to supervise
a Minnesota prison facility.
DEFENDANT NO. 4

Officer. Joseph Witter
In His Individual And official capacity

A Correctional officer employeed by
Minnesota Depatment of corrections to
Secure a Minnesota prison facility and
keep its prison inmates alive and Safe.
DEFENDANT NO. 5

Defendants.

---

Complaint for Deliberate Indifference to Medical Needs in Violation of 8th and
and 14th Amendment to the United States constitution, "cruel and **unusual**
punishment shall not be inflicted"

I. PREVIOUS LAWSUITS
   A. NO

II. PRESENT PLACE OF CONFINEMENT
   A. YES
   B. YES

2.

C.1. I sent a kite to Rush City prison health service Supervisor Brenda Johnson, then Rush City prison health Service Administrator Jennette Willson, then Oak Park Heights health Service Administrator Kathy Reid, then the DOC health Service Director Nan Larson, then I filed a Injury Claim to Central Office.

C.2. Rush City prison Supervisor Brenda Johnson, responded She was not aNear of what I was talking about in my kite about my 09/03/2014 intill 09/05/2014 emergency ICU visit. So I attached Brenda Johnsons response kite to a kite I sent to Rush City prison Administrator Jennette Willson, and she did not respond. I was later transfered to Oak Park Heights prison where I sent a kite to health services Administrator Kathy Reid, which was responded to by health service staff, "This is past history with Rush City you are being Monitored for coumadin Use - if you have other delimas/ issues of Medical concerns signs Up for Sick Call". The DOC Director Nan Larson response was responded to by health service AMP Mike Hennerding and was only about my 09/03/2014 intill 09/05/2014 ICU hospital stay, on how the Co-pay policy required me not to pay hospital bills, He did not respond to the phenytoin (Dilantin) overdose or the pulmonary embolism (Blood clots) found on plaintiffs lungs that plaintiff was was sent by emergency ambulance to the hospital for, after being found in his Co.s segregation cell unresponsive. Furthermore he did not respond to why plaintiff was denied Medical emergency assistance after a cry for help nursing assesment plaintiff was granted only after being forced to bang his head on his Co.s punitive segragation cell door, once the Medical assesment was complete plaintiffs blood pressure was 162/120 and pulse rate 108 on the date of 09/02/2014. DOC Claims Officer Nacole Lind never Mentioned the part of plaintiffs claim claiming Leigha Bailey. RN, dening plaintiff emergency medical assistance 09/02/2014 and plaintiff was found in his punitive segragtion Co.s cell unresponsive 09/03/2014, because of a phenytoin (Dilantin) overdose and by Leigha

Bailey. RN deliberate indifference to plaintiffs medical needs, plaintiff was strapped down naked to a restraint board, causing damage to plaintiffs legs (damage to the legs is the number one cause for pulmonary embolisms) and plaintiff was found with four pulmonary embolisms on his lungs. Doc claims officer Nacole Lind declined plaintiffs injury claim saying since plaintiff phenytoin (Dilantin) overdose level returned to normal and the phenytoin (Dilantin) overdose had nothing to do with what caused plaintiffs pulmonary embolisms (blood clots) she declines plaintiffs claim." I would like to make clear that I had no one to help me during my grievance process, so I did not know what caused the pulmonary embolisms intill my grievance process was complete. With a dead line to meet I was wrong about certian things in my grievence process. I properly exhausted my prison administrative process in accordance with its applicable procedural rules including deadlines before bringing of this civil suit to the courts". Plaintiff is awaiting response from Minnesota senate house subcommittee for there finial decision of plaintiffs injury claim and there response to Doc claims officer Nacole Lind's intentional omission.

# III. PARTIES

A. Jeremiah Marquis Johnson
219941
MCF - Oak Park Heights
5329 Osgood Ave North
Stillwater, MN 55082
651-779-1400
PRO SE

B. Nacole Lind
(Doc claims officer)
1450 Energy Park Drive Suite 200
St. Paul, MN 55108
COUNTY OF: Ramsey
651-361-7200

C. Virginia Mandac. MD
(Medical Doctor)
2277 HWY 36 West Suite 140
Roseville, MN 55113
County of: Ramsey
612-255-0628

D. Leigha Bailey. RN
(Registerd Nurse)
Central Office - DOC
1450 Energy Park Drive Suite 200
St. Paul, MN 55108
County of: Ramsey
651-361-7200

E. LT. Scott Yozamp
(DOC Lieutenant)
Central Office - DOC
1450 Energy Park Drive Suite 200
St. Paul, MN 55108
County of: Ramsey
651-361-7200

F. Officer. Joseph Witter
(Correctional Officer)
Central Office - DOC
1450 Energy Park Drive Suite 200
St. Paul, MN 55108
County of: Ramsey
651-361-7200

1. This is a civil action for compensation and punitive damages and for declaratory and injunctive relief. Plaintiff contends that while in custody at Rush City State Penitentiary 7600 525th Street RushCity, MN 55069, defendants, in both their individual and official capacity each demonstrated a deliberate indifference to plaintiff's serious medical needs. The defendant's deliberate indifference actions and/or omissions resulted in the plaintiff being subjected to cruel and unusual punishment in violation of the protections guaranteed by the Eighth and Fourteenth Amendment to the United States Constitution.

2. Plaintiff maintains that the deprivations and violations of his constitutional rights were carried out pursuant to the rules, regulations, customs, policies, and practices of the defendants in their official capacity, and that the named defendants, acting under color of state law, knowingly caused plaintiff to be deprived of his federal constitutional rights.

3. Plaintiff request this court to declare that the acts and/or omissions by defendants were unconstitutional under the United States constitution, and by an award of compensatory and punitive damages, compensate him for the violations of his constitutional rights and deter the defendants from further participation in such unconstitutional acts and/or omissions.

4. This action arises and is brought pursuant to 42 U.S.C. Section 1983 to remedy the deprivation, under color of state law, of rights guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution. This Jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

5. Plaintiff's claims for declaratory relief are authorized by 28 U.S.C. Sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

6. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Sections 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

7. This cause of action arose in the second District of Minnesota Therefore, Venue is proper under 28 U.S.C. Section 1391(b).

8. Plaintiff Jeremiah Marquis Johnson is, and was at all times mentioned herein, an adult citizen of the United States and a resident of the State of Minnesota.

9. Defendant Virginia Mandac. MD is sued in her individual and also in her official Capacity as Medical Doctor employeed by Centurion of Minnesota LLC, Which is Contracted by the Minnesota Department of Corrections, Centurion of Minnesota LLC Send its employees and/or agents to preform tasks and duties in Minnesota Department of Corrections prison facilities. Defendant Virginia Mandac. MD is, and was at all times mentioned herein a resident of the State of Minnesota. On information and belief, Virginia Mandac. MD

7.

Was endowed with responsibility regarding Adequate Medical Treatment and Standards of Care to persons in the custody of the Minnesota State Penitentiary and with responsibility to provisions regarding the rules, regulations, customs, policies, practices and local standards to the Minnesota Board of Medical Practice, to ensure them to all prisoners under her jurisdictions.

10. Nacole Lind is sued in her individual and also in her her official capacity as DOC Claims officer for Minnesota State Penitentiary's. Nacole Lind is, and was at all relevant times mentioned herein, an adult Citizen of the United States and a resident of the State of Minnesota. on information and belief, Nacole Lind was endowed with responsibility regarding the provision of offender Personal Injury and Property Tort Claims, to persons in the custody of the Minnesota State Penitentiary which is charged with the responsibility to ensure that all prisoners under her Jurisdiction received timely and adequate Complete investigation and the lack of omissions.

11. Leigha Bailey. RN is sued in her individual and also in her official capacity as a Registerd Nurse for Minnesota State Penitentiary's. Defendant Leigha Bailey. RN is, and was at all relevant times mentioned herein, an adult Citizen of the United States and a resident of the state of Minnesota. on information and belief, Leigha Bailey. RN was endowed with responsibility regarding the provision of health and medical services to persons in the custody of the Minnesota State Penitentiary and was

Charged with responsibility to ensure that all prisoners under her jurisdiction received timely and adequate medical treatment.

12. Defendant LT. Scott Yozamp is sued in his individual and also in his official capacity as a Corrections Lieutenant for the Minnesota State Penitentiary. LT. Scott Yozamp is, and was at all relevant times mentioned herein, an adult citizen of the United States and a residant of the State of Minnesota. On information and belief, LT. Scott Yozamp was endowed with responsibility regarding the provision of health and medical services to persons in the custody of the Minnesota State Penitentiary and **was** charged with responsibility to ensure that all prisoners under his jurisdiction received timely and adequate medical treatment.

13. Defendant Officer. Joseph Witter is sued in his individual and also in his official capacity as a Corrections Officer for the Minnesota State Penitentiary. Officer. Joseph Witter is, and was at all relevant times mentioned herein, an adult citizen of the United States **and a Residant** of the State of Minnesota. On information and belief, Officer. Joseph Witter was endowed with responsibility regarding the provision of health and medical services to persons in the custody of the Minnesota State Penitentiary and was charged with responsibility to ensure all prisoners under his jurisdiction received timely and adequate medical treatment.

STATEMENT OF FACTS

14. On September 02, 2014, Defendant officer. Joseph Wittwer woke plaintiff up serving breakfast at plaintiff's punitive segragation C.O.S cell, once aweakend plaintiff idmediately regergitated blood and after stomech gases. Even though, defendant officer. Joseph Wittwer seagirity I reported it to him and along with my stomech pain and my need for medical emergency. Defendant officer Joseph Wittwer served the rest of the unit breafast and once they anonced hit your button if you would like sick call I did, it was 7:00 AM. I tryed to eat breakfast, but it came right back up so I hit my distress button and reported to defendant officer. Joseph Wittwer I regergitated again and need emergency help he took my breakfast and asked did I hit my button for sick call, I informed him I did and he retorted well the nurse will be down here. Defendant officer. Joseph Wittwer felled to follow Minnesota Department of Corrections, Division Directive: 301.155 ▓▓▓▓▓▓▓ Authority: Minn Stat. §§ 241.01, 243.52 and 609.06, Emergency Response Team (ERT) / Special Operations Reponse Team (SORT) / Communications Unit Leader (COML). Procedures: C. Staging and deployment. 4. When staff or offenders have been injured medical aid must be rendered as soon as possible. Aid should be rendered by trained professionals or by staff only to the extent of medical training they have received. By Minnesota Department of Corrections policy: 103.410 In Service Training, defendant officer. Joseph Wittwer vacated everything he learned in his during Medical response class in his 40 hours of annual training and his six week cycle of preservice orientation and academy policy: 103.420.

10.

15. On September 02, 2014, at 10:25 defendant officer. Joseph Wittwer served lunch once at plaintiff's cell defendant officer. Joseph Wittwer offered plaintiff lunch which plaintiff declined and asked what happened to his sick call visit and defendant officer. Joseph Wittwer answered the sick call nurse seen five people' and didn't have time to see you, ▓▓▓ Plaintiff was denied sick call against Health Service Policy: 500.010 Division Directive: 500.250 Offender Sick Call, Offenders may initiate requests for health services on a daily basis. Registered nurses triage these requests on a daily basis using a priority system to schedule clinical services. Clinical services are available to offenders at least five days a week and are performed by a health care practitioner or other qualified health care professional.

16. On September 02, 2014, at 10:25 AM I reported to defendant officer. Joseph Wittwer that since I am not allowed sick call he needs to call an emergency Medical I.C.S (Incident command system) he asked why I gave him my symptom of sevear stomech pain and regergitation after five minutes of getting no where I was forced to bang my my head on my cell door in a cry for medical emergency assistance, but instead of calling for medical emergency assistance defendant officer. Joseph Wittwer called a I.C.S for a self Indurious offender. By Minnesota Department of corrections policy: 103.410 In service training, defendant officer. Joseph Wittwer vacated everything he learned during his medical response class in his 40 hours of annual training and his six week cycle of preservice orientation and academy policy: 103.420. Defendant officer. Joseph Wittwer showed deliberate indifference to plaintiff's serious medical needs by not ensuring plaintiff under his jurisdiction

11.

received timely and adequate medical treatment and plaintiff was was found unresponsive in his punitive segregation C.O.S cell September 3, 2014 at 7:35AM and rushed to the hospital where plaintiff discovered he had 4 pulmonary embolisms (Blood clots) on his lungs and he was in a toxic overdose of phenytoin (Dilantin) medication. The defendant officer Joseph Wittwer **Violated** plaintiff's Eighth and Fourteenth Amendment rights to the United States Constitution causing the plaintiff **severe** cruel and unusal punishment, ~~████████████~~

17. Responding to a I.C.S called by defendant officer Joseph Wittwer for a self Injurious offender September 02, 2014, defendant LT. Scott Yozamp asked plaintiff what was the problem and plaintiff explained that he had a medical emergency. Defendant LT. Scott Yozamp imediate contacted health services following the Minnesota Department of corrections In service Training Policy: 103.410 and Preservice and orientation Training Policy: 103.420 for medical response.

18. On September 02, 2014, plaintiff was assessed by defendant Leigha Bailey, but was still not given medical emergency assistance and 45 Minutes from plaintiff first cry for medical emergency assistance, plaintiff banged his head on his cell door again and defendant LT. Scott Yozamp had plaintiff stripped naked and placed on a restraint board for a hour. Defendant LT. Scott Yozamp was deliberately indifferent to plaintiff serious medical needs and plaintiff was found in his punitive segregation C.O.S cell unresponsive September 3, 2014 at 7:35AM and rushed to the hospital where plaintiff discovered

12.

he had 9 pulmonary embolisms (Blood clots) on his lungs and he was in a toxic overdose of phenytoin (Dilantin) Medication. Defendant L.T. Scott Yozamp neglected Division Directive 301.081: use of force and Restraints, and Minn. stat. §§ 609.06; 609.066; and 243.52, Staff are authorized to use force or restraints to protect persons, which the use of the restraints board only prolonged my medical treatment. Four/Five point restraints are used only when other types of restraints have proven ineffective or the safty of the offender is at jeopardy, The only safty at jeopardy was was the plaintiff's diteriating health so there was no need for restraints. The defendant L.T. **Scott** Yozamp violated plaintiff's Eighth and Fourteenth Amendment rights to the United States constitution causing the plaintiff sevear cruel and unual punishment, using the restraint board to punish plaintiff.

19. Defendant Virginia Mandac. MD precribed plaintiff 900 MG of Phenytoin (Dilantin) sod Capsules, 500 MG at Mourning time and 400 MG Bedtime, June 25, 2014, Phenytoin (Dilantin) sod capsules are quickly bioavalible and needs to be Monitered Standardly, because they can lead to toxic serum levels.

20. Plaintiff's Phenytoin (Dilantin) level was monitered 06/23/2014 by defendant Virginia Mandac. MD, which was, results: 18.3 in a reference range of: 10.0 − 20.0 Units: UG/ML.

21. on 09/03/2014 plaintiff was found unresponsive in his punitive segregation C.05 cell and rushed to the hospital where plaintiff discovered he had

Been poisoned by a toxic level of Phenytoin/Dilantin, which results
were: 32.8 in a reference range of: 10.0-20.0 MG/ML and Flag: HH.
Do to the Health care Bill of Rights defendant Virginia mandac. MD
felled to follow ~~Section~~ 147.091 Grounds for Disciplinary Action (G)and(K)
by (j) engaging in unethical conduct: Conduct likely to harm the public
demonstrating a willfull and careless disregard for the plaintiff
health, welfare and Safty and of her medical practicing which
is professionally incompetent which creates unnecessary danger
to any patients life, health and safty in which any case proof of
actual injury need not be established. (K) Engaging in unprofessional
Conduct: Unprofessional conduct that include any departure from
or failure to conform to the minimal standards of acceptable and
prevailing medical practice in which proceeding actual injury to
a patient need not be established.

22. 07/21/2014 Plaintiff refused blood pressure medication and signed a
refusal form. On **08/21/2014** Plaintiff discontinued his Zantac and
Flexeril medication. A pattern which showed that plaintiff was trying
to figure out what medication was causing him painful side-effect,
Minnesota Department of Corrections Policy: 500.200 Management of
Medication, Division Directive: 500.201 Medication Administration and
Monitoring, Side effect - **any** reaction or consequence of a medication.
Adverse reaction - any undersired or unintaded response to a medication
which requires treatment or alteration of therapy.

23. 07/21/2014 at 12:00 noon plaintiff was seen by Health Service nurse
Carmichael for chest pain on left side of chest and along ribs a
EKG was done 07/21/2014 at 1:00 PM which was no changes sicnce
previous EKG was done. 07/22/2014 plaintiff was seen by defendant

14.

Leigha Bailey. RN for chest pain at 7:45 AM. 07/22/2014 at 3:05 plaintiff was seen by nurse Anglo for chest pain plaintiff complained of a burning sensation in his mid sternal. 07/23/2014 plaintiff was seen in sick call by nurse Beavens for back pain between Plaintiffs sholder blades. On 08/01/2014 plaintiff was seen in sick call by nurse Beavens for cramps in his stomach feeling full all the time with a decreased appetite and hurts all over his back head ect. 08/21/2014 plaintiff was seen in sick call at 9:30 by defendant Leigha Bailey. RN for complaints of lightheadedness, feeling nauseous all the time. regergitating and blood in his stool. 08/22/2014 at 10:30 AM plaintiff was seen by defendant Leigha Bailey. RN for Chest pain and lightheadedness. 09/02/2014 at 10:35 defendant Leigha Bailey. RN seen plaintiff who complained of extream stomach pains and regergatation an assessment was done and plaintiffs blood pressure was 162/120 and pulse rate 108, plaintiff was denied medical emergency. 09/03/2014 7:35 AM plaintiff was found in his punitive segregations cell unresponsive and rushed to the hospital where he discovered four pulmonary embolisms (Blood clots) were on his lungs.

24. Defendant Virginia Mandac. MD felled to follow the Bill of Rights Notice to Patients or Residents Violation section 144.652 subd. 2. Correction order: emergencies. A substantial violation of the rights of any patient or resident as defined in section 144.651 shall not be grounds for issuance of a correction order pursuant to section 144.653 or 144A.10. The issuance or non issuance of a correction order shall not preclude, diminish, enlarge, or otherwise alter private action by or on behalf of a patient or resident to enforce any unreasonable violation of the patient or resident rights. compliance with the

15.

provisions of section 144.651 shall not be required whenever emergency conditions, as documented by the attending physician in a patients medical record or a residents care record, indicate immediate medical treatment, including but not limited to surgical procedures, is necessary and it is impossible or impractical to comply with the provision of section 144.651 because delay would endanger the patients or residents life, health, or safty.

25. Defendant Virginia Mandac. MD felled to follow, Health care Bill of Rights / section: 144.651. subd. 14. Freedom of Maltreatment. Patients and residents shall be free from Maltreatment as defined in the Vulnerable adults protection act. Maltreatment means conduct discribed in section 626.5572. subd. 15. or intentional and nontherapeutic infliction of physical pain or injury, or any course of conduct intended to produce mental or emotional distress. Every patient and resident shall also be free from nontherapeutic chemical and physical restraints, except in fully documented emergencies, or as authorized in writing after examination by a patientsor residents physician for a specified and limited period of time, and only when necessary to protect the patientsor residents from self injury or injury to others.

26. Defendant Virginia Mandac. MD was deliberately indifferent to plaintiffs serious medical needs, by failing to follow the standard of care and standardly monitor plaintiff prescribed to 900 MG of Phenytoin (Dilantin) medication, and by not taking x-rays or blood test to determine the cause of plaintiffs chest pain, departing from the degree of skill and care normally possessed and exercised by medical Doctors under the same or simular circumstances, which resulted to plaintiff being injured

16.

and subjected to crueland unusual punishment in violation of the protections guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution.

27. On 07/22/14 at 7:45 AM plaintiff seen defendant Leigha Bailey.RN for chest pain. On 08/21/14 at 9:30 AM plaintiff seen defendant Leigha Bailey. RN for lightheadedness, feeling nauseous, regergation and blood in his stool. On 08/22/14 at 10:30 AM plaintiff seen defendant Leigha Bailey.RN for chest pain and lightheadedness. On 09/02/14 at 10:35 plaintiff was seen by defendant Leigha Bailey. RN for stomach pain an assessment was done where plaintiff's blood pressure was 162/120 and pulse rate 108. After the assessment defendant Leigha Bailey.RN recommended plaintiff to take his medication, avoiding the possibility or knowledge of the the plaintiff having a, Adverse Reaction - Any undersigned or unintened response to a medication which requires treatment or alteration of therapy." Division Directive: 500.201 Medication Administartion and Monitoring Policy 500.200 Management of Medication.

28. On 09/02/2014 at 11:20 plaintiff was placed naked on the restraint board. Defendant Leigha Bailey. RN did several assessments while plaintiff was straped to the restraint board. At 12:20 plaintiff was removed from the restraint board. Defendant Leigha Bailey. RN noted white phlegm on the restraint board. Plaintiff asked to see health services for abdomanal pain, but defendant Leigha Bailey. RN denied plaintiff emergency medical assistance departing from, policy 103.104 Inservice training, all facility health service clinical staff receive annual training in emergency first aid including: A) Recognition of signs and symptoms and knowledge of action required in potential emergency situations. Division Directive: 500.012 Offender Emergency Health Care. Minn. Stat§

17.

271.021 .Subd.9 and plaintiff was found in his punitive Segregation C.O.S Cell unresponsive 09/03/2014 and rushed to the hospital where he discovered he was in a Phenytoin(Dilantin) overdose and he had four Pulmonary Embolisms (Bloodclots) on his lungs.

29. As a direct and proximate result of defendant Leigha Bailey.RN, deliberate indifference to plaintiff's serious medical needs, dening plaintiff emergency medical assistance 09/02/2014, 09/03/2014 at 7:35AM plaintiff was was found in his punitive Segregation C.O.S cell unresponsive and rushed to the hospital to be treated for poisoning by Phenytoin (Dilantin) medication and four Pulmonary Embolisms (Bloodclots) on his lungs. Defendant Leigha Bailey.RN departed from the knowledge, skill and care expected in her profession, which delayed the plaintiff's medical treatment and allowed plaintiff to suffer in excurciating pain and ▓▓▓▓▓ caused more damage to plaintiff's initial injuries and subjected the plaintiff to cruel and ▓▓▓▓ unusual punishment in violation of the protections guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution.

30. Defendant(s) Officer. Joseph Wittner, LT.Scott Yozamp and Leigha Bailey.RN, deliberate indifference to plaintiff's serious medical needs on 09/02/2014 caused plaintiff physical and emotional distress. on 09/02/2014 plaintiff spoke with clinical Program Therapist, Tom Soles, MA, LP and Psychological Services Director, Nancy Stacken, MA, LP, in a combined assessment on plaintiff's mental health they stated, "Mr. Johnson was banging his head in order to force an immediate nursing assessment. In this instance, I dont think serious self harm was intended. Regardless whether driven to high levels of emotional intensity by actual physical distress or dramatic over response, he has escalated in threats and behavior to the point that he does continue to be at risk of deliberate or unintentional serious self harm".

31. 09/09/2014 Michelle Saari, PHD, LPC, NCC, stated in a mental health assessment on plaintiff, "overall he was polite and cooperative reporting experiencing a frightening medical event. While he denied any mental health concerns he did talk a bit about his frustrations in staff not believing he was not feeling well. His frustrations was expressed respectfully and appropriately, and he seemed able to properly manage the distress." While in another assessment on plaintiff 11/2014 Michelle Saari, PHD, LPC, NCC, ▮▮▮▮ on plaintiff mental health, she incouraged plaintiff to attend treatment to deal with his distress, plaintiff has attened treament and still attend treatment programs. Plaintiff sufferd mental and emotional injury from physical injuries caused by defendant(s) 42 U.S.C. §1997e(e).

▮▮▮▮

32. Defendant Nacole Lind Claimsofficer. intentionally commited a omission leaven defendant Leigha Bailey. RN out of her uncompletedanswer to plaintiffs Injury Claim. Plaintiff filed a Injury Claim 03/13/2015 claiming defendant Leigha Bailey. RN denying him emergency medical assisstance. Injury Claims are sent to central office for review and evaluation to determine whether a claim is entitled to recover damages pursunt to Minn stat. §3.732. subd. 2 (2012). The statute provides that the head of a state agency shall attempt to settle claims for damages of $7,000 or less for injury claims or property claims caused by an act or omission of any state employee acting in the scope of his/her employment. Defendant Leigha Bailey. RN a state employee acting in the scope of her employment denied plaintiff emergency medical assistance causing more damage to plaintiffs initial lifethreaten injuries and Defendant Claims officer. Nacole Lind did not add her to the response reply she sent to plaintiff and denied plaintiffs claim alltogether. Since my ▮▮▮▮ personal injury claim is for damages more than $7,000 defendant Claims officer Nacole Lind had no jurisdiction to deny plaintiffs claim or mate omissions in her response, because plaintiffs injury clam falls under subd. 1. Legislative Authority pursuant to Minn. stat. § 3.738 Injury of inmate/patient.

33. Defendant Claims Officer. Nacole Lind did not complete her response to plaintiff's Injury Claim commiting a omission by not responding about Defendant Leigha Bailey. RN denying plaintiff emergency Medical assistance. If defendant Claims officer. Nacole Lind Would have Completed her response by addressing defendant Leigha Bailey. RN denying plaintiff. emergency Medical assistace, plaintiff Would recover damages pursuant to Minn. Stat. § 3.738, subd 1 (2012). Defendant Nalms officer. Nacole Lind Violated the plaintiffs United States Constitution engaging in unlawful acts and omissions.

34. As a result of defendant(s) Virginia Mandac. MD, Leigha Bailey. RN, LT. Scott Yozamp and officer. Joseph Wittner, plaintiff Was harmed as follows;

35. Plaintiff has endured sevear pain and suffering, plaintiff Was diagonised with Abnormal/irregular blood, plaintiff suffers from Mental and emotional injury from physical injury from What defendant(s) forced plaintiff to suffer on 09/02/2014 and 09/03/2014 and the Months leading up to those dates.

36. Plaintiff Will in the future incure hospital expensed do to plaintiff's life threaten Medical condition of Pulmonary Embolisms.

37. Plaintiff Will in the future suffer loss of Wages and earning capacity do to plaintiff's life threaten Medical condition of Pulmonary Embolisms.

38. Plaintiff has been damaged to Where plaintiff's life hangs in the blance of blood thinner medication, because plaintiff has a less than 50 precent Chance of survival if plaintiff suffers a reaccurence of Pulmonary Embolisms. Plaintiff has to take blood thinner Medication for the remainder of plaintiff's life.

# REQUEST FOR RELIEF

WHEREFORE, plaintiff request that the court grant the following relief:

A. Issue a declaratory judgement stating that:

1. The internal pain and suffering that the plaintiff suffered by defendant Virginia Mandac, MD, by failing to follow the standard of care departing from the degree of skill and care normally possessed and exercised by Medical doctors under the same or similar circumstances, which resulted to plaintiff being physically and mental and emotional injured, violating the plaintiff's rights under the Eighth and Fourthteenth Amendments to the constitution and constituting deliberate indifference to plaintiff's serious medical needs, inflicting cruel and unusual punishment under state law.

2. The physical abuse of stripping nude and restraining plaintiff to the restraint board by defendant LT. Scott Vozamp, while plaintiff was was in serious medical distress was a punishment that increased plaintiff's pain and suffering and caused more damage to plaintiff's initial injury. Which resulted to plaintiff being physically, mentally and emotionally injuried, violating the plaintiff's rights under the Eighth and Fourteenth Amendment to the united states constitution and constituting deliberate indifference to the plaintiff's serious medical need, inflicting cruel and unusual punishment, assault and battery under state law.

3. The internal pain and suffering the plaintiff suffered by defendant Leigha Bailey, RN, from denying plaintiff emergency medical assistance caused plaintiff to suffer in excruciating pain, delayed plaintiff's medical treatment and caused more damage to plaintiff's initial injuries.

which resulted in plaintiff being physically, mentally and emotionally injuried. Violating the plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution and Constituting deliberate indifference to the plaintiff's serious medical needs, inflicting cruel and unusual punishment under state law.

4. The internal pain and suffering the plaintiff suffered by defendant officer. Joseph Wittwer, caused plaintiff to suffer excurciating pain, delayed plaintiff's medical treatment causing more damage to plaintiff's initial injury, which caused plaintiff to suffer mental and emotional injuries,. The defendant Officer. Joseph Wittwer not ensuring plaintiff under his jurisdiction received timely and adequate medical treatment, violating plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution and constituting deliberate indifference to plaintiff's serious medical needs, inflicting cruel and unusual punishment under state law.

5. Without defendant Claim officer. Nacole Lind's, omission, plaintiff would recovered damages from his injury claim. Defendant Claims officer. Nacole Lind, violated plaintiff's United States Constitution engaging in unlawful acts and omissions.

B. Issue an injunction ordering defendant(s) to:

1. Defendant Virginia Mandac. MD, to be suspended pending termination.

2. Defendant LT. Scott Yozamp, to be suspended pending termination.

3. Defendant Leigha Bailey. RN, to be suspended pending termination.

4. Defendant officer. Joseph Witter, to be suspended pending termination.

5. Defendant Claims officer. Nacole Lind, to be suspended pending termination.

C. Award compensatory damages in the following amounts:

1. $2,500,000, against defendant Virginia Mandac. MD, for the lifethreaten physical injury and Mental and emotional injury caused from the failure to provide adequate medical care to the plaintiff, sustained as a result of deliberate indifference to plaintiff's serious Medical needs.

2. $2,500,000, against defendant LT. Scott Yozamp, for the lifethreaten physical injury and Mental and emotional distress injury caused from the failure to provide adequate medical care to the plaintiff, sustained as a result of deliberate indifference to plaintiff's serious medical needs.

3. $2,500,000, against defendant Leigha Bailey. RN, for the lifetheaten physical injury and Mental and emotional distress injury caused from the failure to provide adequate medical care to the plaintiff, sustained as a result of deliberate indifference to plaintiff's serious medical needs.

4. $2,500,000, against defendant Officer. Joseph Wittwer, for the lifethreaten physical injury and Mental and emotional distress injury caused from the failure to provide adequate medical care to the plaintiff, sustained as a result of deliberate indifference to plaintiff's serious Medical needs.

D. Award punitive damages in the following amounts:

1. $500,000, against defendant Virginia Mandac. MD

2. $500,000, against defendant LT. Scott Vozamp

3. $500,000, against defendant Leigha Bailey. RN

4. $500,000, against defendant officer. Joseph Wittwer

23.

S.$1,000,000, against defendant Claims officer. Nicole Lind

E. Grant such other relief as it may appear that plaintiff is entitled.

I hereby certify under penalty of perjury that the above complaint is true to the best of my information and belief.

Signed This _____ 16th _____ Day of. May _____ 2016

Signature _Jeremiah Marquis Johnson_
(PRO SE Plaintiff)

Jeremiah Marquis Johnson
219941
MCF-Oak Park Heights
5329 Osgood Ave North
Stillwater, MN 55082
PRO SE
651-779-1400

24.